UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **PRIME RECEIVABLES, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No. 1:09-cv-462- WTL-JMS |
| **ASSOCIATED TRUST CO., et al.,** | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTIONS TO TRANSFER

The Defendants in this case have each filed a motion asking the Court to transfer the case to the United States District Court for the Northern District of Illinois, Eastern Division. Those motions are fully briefed, and the Court, being duly advised, **GRANTS** the motions for the reasons set forth below.

*Background*

In September 2008, Plaintiff Prime Receivables, LLC, a company in the business of emergency medicine coding, billing, and accounts management, sold substantially all of its assets to Defendant Med-Data, Inc., pursuant to an asset purchase agreement ("APA"). A provision of the APA required $1,000,000 of the purchase price to be held in an escrow account to be disbursed according to certain terms contained in the APA. Accordingly, Prime Receivables and Med-Data entered into an escrow agreement ("Agreement") with Defendant Associated Trust Company, N.A. ("Associated"). Pursuant to the Agreement, Associated was to act as the escrow agent with regard to the $1,000,000 the APA required Med-Data to deliver into escrow and was to make interim disbursements from the escrow account to Prime Receivables on December 25, 2008, March 25, 2009, and June 25, 2009, with the final disbursement being

made on September 25, 2009.

The Agreement contained several provisions that are relevant to the instant motions. First, it set forth a mechanism by which Med-Data could periodically request payments from the escrow account (referred to as a "Claim") and Prime Receivables could dispute the Claim within thirty days by filing an "Objection Notice." The filing of a timely Objection Notice would create an "Open Claim"; a "Claim Reserve" was to be created by Associated in the amount of each "Open Claim." The amount of the interim disbursements to Prime Receivables was to be calculated as "the lesser of (i) $250,000, or (ii) (A) the entire remaining Escrow Funds, minus (B) the aggregate amount of all Claim Reserves with respect to Open Claims in existence as of such Interim Disbursement Date, minus (C) the portion of any unpaid fees and expenses of Escrow Agent which are due and payable as of such Interim Disbursement Date." The Agreement further provided:

> Notwithstanding any contrary provision in this Agreement, so long as it shall have acted in good faith, Escrow Agent, including its officers, directors, employees and agents, shall be entitled to refrain from taking any action contemplated by this Agreement in the event that it becomes aware of any disagreement between the parties until it has been directed otherwise by a final and unappealable order of a court of competent jurisdiction or by a written instrument signed by Buyer and Seller. Escrow Agent shall have the right, but not the obligation, to consult with counsel of choice and shall not be liable for action taken by Escrow Agent in good faith in accordance with the advice of such counsel. In the event of a prolonged dispute between Buyer and Seller, Escrow Agent may file an action in interpleader, naming Buyer and Seller, in any State or Federal court seated in Chicago, Illinois and to deposit the balance of the Escrow Account with the clerk of court after first deducting Escrow Agent's reasonable and actual costs of filing the action, including, without limitation, attorneys' fees, court costs and costs incurred in consulting legal counsel of Escrow Agent's selection prior to filing the interpleader action. Concurrently with such filing, Escrow Agent shall be dismissed from such action, this Agreement shall terminate, and all liability, obligation and responsibility of Escrow Agent shall be released and discharged, other than for losses, costs or damages resulting from Escrow Agent's breach of this Agreement prior to termination.

Associated did not make an interim disbursement on March 25, 2009. Two days later, Prime Receivables filed suit against Associated and Med-Data in the Marion Superior Court in Indianapolis. Prime Receivables alleged that Associated was instructed by Med-Data to withhold the March interim disbursement in violation of the Agreement. In its amended complaint, Prime Receivables asserted claims for breach of the Agreement and a breach of fiduciary duty against Associated, and claims for tortious interference with contract and tortious interference with business relationship against Med-Data. In addition, Prime Receivables alleged that the withholding of the disbursement constituted conversion, and therefore asserted a claim of conversion against Prime Receivables and a claim of conspiracy to commit conversion against both defendants. Finally, Prime Receivables sought the alternative relief of declaratory judgment.

Eleven days after it was served with Prime Receivables' complaint, Associated filed an interpleader action in the United States District Court for the Northern District of Illinois. Shortly thereafter, the defendants removed Prime Receivables' case from the Marion Superior Court to this court and promptly moved to transfer this case to the Northern District of Illinois.

## *Discussion*

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no dispute that this case could have been brought in the Northern District of Illinois. It appears to the Court that the factors of convenience of the parties and convenience of witnesses favor neither party in this case. The Plaintiff is a limited liability company whose members reside in Indiana; however, the fact that the Plaintiff agreed to the forum selection clause for interpleader actions indicates that it did not consider litigating in

Chicago to be overly inconvenient. The relevant individuals on the defense side reside in Milwaukee, Wisconsin, and the State of Washington. Milwaukee is a short drive from Chicago, and it is generally easier to fly from the West Coast to Chicago than to Indianapolis, both because of the number of flights available and because the time difference is only two hours rather than three. Therefore, litigating in Chicago is more convenient for the defendants than litigating in Indianapolis, and convenience does not tip the balance in favor of either location.[1]

That leaves the final factor, the interest of justice. It is clearly in the interest of justice- which includes the efficient administration of justice–for all of the disputes arising out of the Agreement and the APA to be decided by the same court. Despite Prime Receivables' protestations that Associated was forum shopping when it filed its interpleader action in Illinois, the fact is that it was its contractual right to do so, and Prime Receivables cannot now complain that it is exercising that right. As there has been no showing that the forum selection clause should not be enforced, the Court determines that this case should be transferred so that it can be decided along with Associated's properly-filed interpleader action.

## *Conclusion*

For the reasons set forth above, the Defendants' motions to transfer (dkt. nos. 13 and 25) are **GRANTED** and this case is **ORDERED TRANSFERRED** to the United States District Court for the Northern District of Illinois, Eastern Division. This ruling **RENDERS MOOT** Associated's motion to dismiss for lack of personal jurisdiction (dkt. no. 23) and the related motion to strike (dkt. no. 36). Med-Data's motion to stay and compel arbitration (dkt. no. 28)

---

[1]Prime Receivables argues that "the burden to Med-Data and Associated of litigating in Indiana is no different than litigating in Illinois, both foreign forums." This argument ignores the fact that "convenience" includes practical factors such as ease of travel, not simply the perceived advantage of litigating in one's "home court."

remains pending, to be resolved after transfer.

SO ORDERED: 10/08/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Michael J. Alerding
Aldering Castor LLP
malerding@alerdingcastor.com

Matthew B. Barr
Barnes & Thornburg LLP
mbarr@btlaw.com,matthewbrianbarr@gmail.com

Andrew J. Butcher
Scopelitis Garvin Light Hanson & Feary PC
abutcher@scopelitis.com,
newton@scopelitis.com

Gregg S. Gordon
Dodd & Dodd Attorneys, PLLC
ggordon@alerdingcastor.com,
marks@alerdingcastor.com

Daniel O. Herrera
Mayer Brown LLP
dherrera@mayerbrown.com

Thomas A. Lidbury
Mayer Brown LLP
tlidbury@mayerbrown.com,
courtnotification@mayerbrown.com

Robert D. MacGill
Barnes & Thornburg LLP
rmacgill@btlaw.com

Derek J. Meyer
McDermott Will & Emery LLP
dmeyer@mwe.com

Scott E. Murray
Barnes & Thornburg LLP
smurray@btlaw.com,ddavis@btlaw.com

Meredith Thornburgh White
Barnes & Thornburg LLP
mwhite@btlaw.com